NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IGNACIO RODRIGUEZ-CAYETANO, AKA Ignacio Rodriguez Cayetano, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 13-72629 Agency No. A205-319-504 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before:     SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Ignacio Rodriguez-Cayetano, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for cancellation of removal,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The agency properly denied cancellation of removal, where Rodriguez-Cayetano failed to meet his burden of proof to establish that his conviction under California Health & Safety Code ("CHSC") section 11377(a) is not a controlled substance violation that renders him ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(II), 1229b(b)(1)(C); *Pereida v. Wilkinson*, 141 S. Ct. 754, 766 (2021) (an applicant for relief from removal cannot establish eligibility where a conviction record is inconclusive as to which elements of a divisible statute formed the offense); *Coronado*, 759 F.3d at 984-85 (holding CHSC § 11377(a) is divisible with regard to substance and subject to the modified categorical approach).

Substantial evidence supports the agency's determination that Rodriguez-Cayetano failed to establish that the harm he experienced or fears was or will be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *see also Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution on account of a

protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Rodriguez-Cayetano's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Rodriguez-Cayetano failed to show it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**